UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| AK STEEL CORPORATION, *et al.* | : | Case No. 1:16cv1032 |
| Plaintiffs, | : | Judge Michael R. Barrett |
| v. | : | |
| PITTSBURGH LOGISTICS SYSTEMS, INC. | : | |
| Defendant. | : | |
| | : | |

**OPINION AND ORDER**

This matter is before the Court on AK Steel Corporation's ("AK Steel") Motion to Dismiss Defendant Pittsburgh Logistics Systems, Inc.'s ("PLS") Counterclaims. (Doc. 22). PLS has filed a response and AK Steel has filed a reply. (Docs. 49, 50). Also pending is AK Steel's Motion for Speedy Hearing on its Declaratory-Judgment Claim (Doc. 7).

I.   **BACKGROUND**

The facts in this case have been sufficiently detailed in prior orders and the same will not be repeated here except as necessary to address the instant motions. Briefly, a 20 plus year relationship between PLS, a third-party logistics services and freight brokerage services company, and AK Steel, a consumer of logistics/freight brokerage services, ended in January 2017 when AK Steel awarded the bid for its transportation needs to Ryder Integrated Logistics, Inc. ("Ryder"). Shortly thereafter, Ryder initiated a Carrier Request for Proposal in order to find motor carriers.

Concerned AK Steel and Ryder were using PLS's alleged proprietary information in order to find motor carriers in such quick order, PLS sought emergency injunctive relief in the

Court of Common Pleas of Butler County, Pennsylvania on October 6, 2016. The Pennsylvania action was initially filed against AK Steel and Ryder. Ryder removed the lawsuit to the United States District Court for the Western District of Pennsylvania. Pursuant to a forum selection clause in the Agreement, the court dismissed AK Steel from the lawsuit. On October 13, 2016, before the case was removed to Federal Court, PLS was granted injunctive relief against Ryder.

As a result, Ryder was enjoined in relevant part from using any PLS trade secrets. In response, AK Steel filed the instant action seeking a declaratory judgment that certain information it sought to use in transitioning logistics services to Ryder is neither proprietary nor confidential under the terms of the Agreement.[1]

This prompted PLS to file a Counterclaim, alleging AK Steel breached the parties' Agreement by using and disclosing PLS's confidential information. Relevant to this motion, PLS also alleges in its Counterclaim that AK Steel "had retained the management consultant A.T. Kearney, Inc. ("Kearney") to perform an 'assessment' of its logistics operations," and "[o]stensibly for that purpose Kearney requested certain data from PLS regarding its services to AK Steel under the Agreement." (Doc. 17, PageID 153). Moreover, according to PLS, PLS and Kearney entered into a Confidentiality Agreement that restricted Kearney's use and dissemination of certain information it obtained from PLS. (Id.).

On December 15, 2016, PLS filed a separate lawsuit against Kearney, alleging generally that Kearney obtained confidential information and improperly disclosed it to AK Steel.[2] PLS voluntarily dismissed the lawsuit against Kearney on February 8, 2017. Before PLS did so,

---

[1] PLS subsequently filed a Motion for a Preliminary Injunction seeking to enjoin AK Steel and anyone acting on its behalf from using or disclosing PLS's alleged confidential or proprietary business information. The Court granted PLS's motion as it relates to its routing guides, finding PLS had made a preliminary showing that information constituted trade secrets, but denied its motion in all other respects. (Doc. 44).

[2] That lawsuit was originally filed in the United States District Court for the Western District of Pennsylvania, but was transferred to this Court by agreement of the parties.

however, AK Steel filed the instant motion arguing that PLS's Counterclaims should be dismissed for failure to join a necessary and indispensable party under Federal Rule of Civil Procedure 19(a).

## II. STANDARD

Federal Rule of Civil Procedure 19 provides in relevant part as follows:

**(a) Persons Required to Be Joined if Feasible.**

    **(1)** *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

        **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or

        **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

            **(i)**    as a practical matter impair or impede the person's ability to protect the interest; or

            **(ii)**    leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

The Sixth Circuit employs a three-step test to determine whether an absent party must be joined. *Am. Express Travel Related Servs., Co. v. Bank One-Dearborn, N.A.*, 195 F. App'x 458, 460 (6th Cir. 2006). "First, the court must determine whether the party is necessary and should be joined under Rule 19(a). If the person or entity is a necessary party, the court looks to whether joinder is feasible, or if a lack of subject matter or personal jurisdiction makes joinder impossible. Third, if joinder is not possible, the court must weigh the equities of the situation

pursuant to Rule 19(b) and determine if the suit can continue in the party's absence or if the case should be dismissed because the party is indispensable." *Id.* (Citations omitted).

A party is only indispensable if "in his absence, (1) the absentee is likely to be harmed, (2) one of the parties may be subject to multiple or otherwise inconsistent obligations, or (3) complete relief cannot be accorded to the parties." *Bowling Transp., Inc. v. N.L.R.B.*, 352 F.3d 274, 282–83 (6th Cir. 2003) *(*citing *Doug Neal Mgmt.,* 620 F.2d at 1138 (quoting *Nationwide Auto Transporters v. Morgan Driveaway, Inc.,* 441 F.Supp. 755, 757 (S.D.N.Y.1977)).

### III. ANALYSIS

PLS argues that its dismissal of all claims against Kearney in the other lawsuit renders the instant motion moot. It argues that there is no longer the risk of inconsistent adjudications creating inconsistent obligations because the claims against Kearney have been dismissed. Thus, PLS argues Kearney is not an indispensable party.

AK Steel disagrees, and counters that regardless of whether there is ongoing parallel litigation, the adjudication of PLS's claims in this case will affect Kearney's right to disclose the information to AK Steel. In the same vein, AK Steel argues that the Court cannot determine whether AK Steel misappropriated PLS's confidential or proprietary information without necessarily also deciding whether Kearney breached the Kearney-PLS Confidentiality Agreement.

Upon review, the Court finds that Kearney is not an indispensable party. First, Kearney is not likely to be harmed by its absentee status. AK Steel spends pages of briefing arguing Kearney's interests would be prejudiced by the disposition of the case without its presence.[3] AK

---

[3] In fact, AK Steel largely fails to address whether it would personally be harmed if Kearney is not joined in this lawsuit.

Steel concedes, however, that regardless of whether the Court finds in favor of PLS, any judgment would not apply to Kearney.

Nevertheless, AK Steel argues the Court's determination with respect to PLS's Counterclaim against AK Steel for misappropriation of trade secrets will affect any future decisions regarding the Kearney-PLS Confidentiality Agreement. AK Steel relies almost exclusively on a 1971 decision in a district court case from the Western District of Oklahoma. *Bloch v. Sun Oil Corp.*, 335 F.Supp. 190 (W.D.Okl.1971). The plaintiffs in *Bloch* sought to obtain a declaration that royalties were due under the leases at issue. Because the language of the leases was identical to leases owned by absentees, any decision would have a direct precedential impact on future lawsuits brought by absentees. The Court finds the facts in *Bloch* distinguishable, as any decision by the undersigned in this case would not have the same immediate or precedential impact.

For example, the Court can envision a scenario in which despite AK Steel being found liable for misappropriation of trade secrets, a subsequent trier of fact finds Kearney did not breach the Kearney-PLS Confidentiality Agreement, or provide confidential information to AK Steel. And notably, any future litigation between PLS and Kearney is purely speculative at this point, as the claims against Kearney have been voluntarily dismissed.

Further, AK Steel does not explain how an unfavorable judgment against it, would necessarily affect Kearney. Theoretically, Kearney could still provide an assessment of AK Steel's logistics operations. It is of no consequence for purposes of this analysis whether Kearney's services would be less beneficial to AK Steel absent the use of information allegedly obtained from PLS.

Finally, and importantly, there is no indication that Kearney *wants* to be a party to this lawsuit. AK Steel does not (and could not plausibly) argue that Kearney is unaware of this action. Yet Kearney has not sought to intervene in order to protect any potential interest or otherwise signaled its interest in participating. Accordingly, the Court is reluctant to find Kearney to be a required party on the basis of potential harm to it.[4] *See Sch. Dist. of City of Pontiac v. Sec'y of U.S. Dep't of Educ.*, 584 F.3d 253, 266 (6th Cir. 2009).

Second, to the extent AK Steel continues to argue that the possibility of inconsistent *adjudications* makes Kearney an indispensable party, the Court finds its argument unpersuasive. Courts uniformly hold that the potential of inconsistent adjudications is not sufficient. *See e.g. Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1040 (11th Cir. 2014) (quoting *Delgado v. Plaza Las Ams., Inc.,* 139 F.3d 1, 3 (1st Cir.1998). To be considered an inconsistent obligation, a party must not be able to comply with one court's order without breaching the other court's order. *Id.* Here, because the claims against Kearney have been dismissed, there is no risk of subjecting AK Steel or Ryder to inconsistent obligations. Regardless, if, for example, a court subsequently found Kearney had breached the Kearney-PLS Confidentiality Agreement, that order would not obligate AK Steel or Ryder to do anything. And whether Kearney would be subject to inconsistent obligations is not the question herein, as the plain language of Rule 19(a)(1)(B)(ii) limits the analysis to *existing parties*.

Third, complete relief can be afforded to AK Steel if successful, regardless of whether Kearney is a party. Kearney's status in this case has no bearing on AK Steel's requested declaratory relief nor does its presence impact whether AK Steel is found liable for misappropriation of trade secrets. In addition, if AK Steel is found liable, AK Steel can

---

[4] Practically speaking, it is unlikely that Kearney wants to be part of this lawsuit as a counterclaim defendant after it just finished defending claims brought against it by PLS.

independently seek to collect from Kearney, if appropriate. But parties are not required to bring all possible claims against all possible defendants. Nor are Plaintiffs (or counterclaimants) required to name all potential joint tortfeasors as defendants in a lawsuit. *See e.g. Temple v. Synthesis Corp. Ltd.*, 498 U.S. 5, 7, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990).

Because the Court finds Kearney is not an indispensable party, the Court need not determine whether joinder is feasible, or determine if the suit can continue in Kearney's absence. The Court notes, however, that AK Steel does not argue joinder is not feasible (i.e. that lack of personal jurisdiction or subject matter jurisdiction would make joinder impossible). Thus, regardless, AK Steel would not be entitled to dismissal of PLS's Counterclaims; rather, the appropriate remedy would be to join Kearney as a party.

## IV.    CONCLUSION

Consistent with the foregoing, AK Steel's motion to dismiss (Doc. 22) is **DENIED**. In addition, the Court finds, based upon the status of the case, AK Steel's Motion for Speedy Hearing on its Declaratory-Judgment Claim (Doc. 7) is **DENIED AS MOOT WITHOUT PREJUDICE TO REFILING**.

**IT IS SO ORDERED.**

       *s/Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court